# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTIAN TAMAYO,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No.  2:11-cv-01023-KJD-CWH

**ORDER**

      This matter is before the Court on Defendants' Motion for an Enlargement of Time (#20), filed December 23, 2011.  Defendants request a 45-day extension to file a response to Plaintiff's complaint.  The response date has already been extended 30 days to January 12, 2011.  *See* Order (#19).  Defendants assert that this second extension is necessary because it has to be transferred to another attorney in the office of the Nevada Attorney General.

      Federal Rule of Civil Procedure 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).  Good cause is equated with the exercise of due diligence.  *Guillen v. Owens*, 2011 WL 6032861 (D.Ariz.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Staffing changes do not ordinarily satisfy the good cause standard of Rule 6. *Guillen*, 2011 WL 6032861 *2.

      In *Guillen*, the court entered a scheduling order establishing a dispositive motions deadline. On the day established as the deadline, an assistant attorney general filed a motion seeking to extend the deadline for 60 days because of an internal staffing change.  The movant explained that he needed the additional time to "familiarize himself with the case and to prepare a dispositive motion." *Id*.  The court rejected the argument noting that former counsel had knowledge of the

deadline prior to the staffing change and, presumably, could educate the new attorney on the matter. The court further stated that to find "good cause" in the case of ordinary staffing changes "would allow the good cause exception to swallow the rule." *Id*. (internal citations and quotations omitted).

Here, the Nevada Attorney General's office requests an additional 45-day extension on top of the already granted 30-day extension to file a response to Plaintiff's complaint. All that has been presented is that the currently assigned deputy attorney general has accepted employment elsewhere and the case "will be transferred to another attorney in the Office of the Attorney General" who will need time to review the case and prepare a response. There is no indication of when the currently assigned deputy will leave the office. Nor does it appear the case has been reassigned - only an assertion that the case "will be transferred." Finding that good cause has been shown in this instance runs the risk of allowing the good cause exception to Rule 6 to swallow the rule. Nevertheless, the Court will grant the request and limit the extension to 21-days after the January 12, 2012 deadline. Thus, Defendants must file a response to Plaintiff's complaint on or before February 2, 2012. No further extensions of the response deadline will be considered. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for an Enlargement of Time (#20) is **granted**. Defendants shall file a response to Plaintiff's complaint on or before **Thursday, February 2, 2012**.

**IT IS FURTHER ORDERED** that no further extensions of the response deadline will be considered.

DATED this 28th day of December, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**