# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTIAN TAMAYO,

    Plaintiff,

v.

STATE OF NEVADA, *et al.*,

    Defendants.

Case No. 2:11-CV-01023-KJD-CWH

**ORDER**

    Before the Court is the Motion to Dismiss (#23) of Defendants Daniel Angus, Cheryl Burson, and Dale Roberson[1] (collectively "Defendants"). Plaintiff has filed an opposition (#29) and Defendants have filed a reply (#30).

<u>I. Background</u>

    Plaintiff is an inmate incarcerated with the Nevada Department of Corrections. According to the Complaint, on June 2, 2009, Defendant Kanouff ordered Plaintiff and other Hispanic inmates to be "rounded up" and placed in administrative segregation. Plaintiff eventually was given a notice of charges for gang related activity and Defendant Roberson conducted a preliminary hearing. Plaintiff

---

[1] Defendant Kanouff has not been properly served. The Proof of Service (#29, p. 6) shows that service was rejected since Kanouff is no longer an employee of the Nevada Department of Corrections.

alleges that Defendant Roberson failed to provide him with a copy of "Disciplinary Form II" which is summary of the hearing officer's inquiry and disposition.

Plaintiff alleges that less than six hours later, he was taken before Defendant Angus for a formal disciplinary hearing without the benefit of witnesses or other evidence. Plaintiff avers that he was wrongfully found guilty of gang activity and sentenced to disciplinary segregation. These events form the basis of his complaint.

Plaintiff claims that he waited for a copy of Disciplinary Form II for several days. On June 30, 2009, he submitted his appeal of the disciplinary hearing without Form II, despite the requirements of Nevada Department of Corrections ("NDOC") procedural rules that this form be attached. This grievance was designated #200628777182 ("Grievance #7182 "). Plaintiff received a copy of Form II on July 6, 2009, but did not seek to amend Grievance #7182 by attaching Form II. Grievance #7182 was returned on July 14, 2009 and denied because it did not have Form II attached. The memorandum denying Grievance #7182 pointed out the failure to attach Form II and stated: **"You may re-submit your grievance after correcting the above deficiencies. Failure to re-submit your grievance through the prescribed timeframe shall constitute abandonment."**

Although Plaintiff was in possession of Form II at the time he received the response, he did not re-submit Grievance #7182 as instructed. In accordance with NDOC procedural rules, Grievance #7182 was deemed abandoned after five days. Instead of re-filing the first grievance, on July 15, 2009 Plaintiff filed a new, separate grievance designated #200062878098 ("Grievance #8098"). However, this new grievance was untimely filed more than 10 days after the disciplinary hearing. Further, the subject of Grievance #8098 was the same as Grievance #7182 despite NDOC policy prohibiting duplicative grievances. Because it was filed untimely and because it contained an identical claim, Greivance #8098 was denied.

II.  Discussion

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of raising and proving failure to exhaust. Jones v. Bock, 549 U.S. 199, 212-14 (2007). Proper exhaustion requires that the plaintiff utilize all steps made available by the agency and comply with the agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-90 (2006). Proper exhaustion must be completed before a complaint may be filed and requires "using all steps the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Id. at 83-84. See aslo Roberts v. Klein, 770 F. Supp. 2d 1102 (D. Nev. 2011).

A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003). In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. Id.

Plaintiff did not exhaust his administrative remedies prior to filing suit because he failed to comply with NDOC grievance procedures. Plaintiff did not attach Form II to Grievance #7182. Grievance #7182 was returned to him with specific instructions to re-submit it with Form II attached and a warning that failure to do so would result in abandonment of his claim. Plaintiff did not re-submit Grievance #7182 as he was instructed to do, and accordingly abandoned that grievance. Instead, Plaintiff filed an untimely and duplicative grievance which was properly rejected according to NDOC procedures. Plaintiff argues that his failure to exhaust was excusable because he did not understand the NDOC grievance procedure. However "compliance with an agency's deadlines and other critical procedural rules" is a threshold requirement under the PLRA "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 458 U.S. at 90–91. Proper exhaustion is still required even where a Plaintiff is not aware of procedures or where the Procedures are not "plain, speedy, and effective." See Booth v. Churner, 532 U.S. 731, 741 (2001). Because Plaintiff has not exhausted his

3

administrative remedies, his suit cannot proceed. Accordingly, Defendant's Motion to Dismiss is granted.

III. Conclusion

**IT IS HEREBY ORDERED** that the Motion to Dismiss (#23) of Defendants Daniel Angus, Cheryl Burson, and Dale Roberson is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this case against all parties.

DATED this 27th day of July 2012.

_____
Kent J. Dawson
United States District Judge